Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
__Southern__ District of __Mississippi__

__Southern__ Division

Case No. __3:25-cv-196-DPJ-ASH__
(to be filled in by the Clerk's Office)

__DEAN C. BOYD__
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

__MISSISSIPPI DEPARTMENT OF CORRECTION__
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

EXHIBIT

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: DEAN C. BOYD
All other names by which you have been known: DEANC BOYD
ID Number: 167698
Current Institution: MISSISSIPPI STATE PENITENTIARY
Address: Unit-31, D-13
PARCHMAN   MISS   38738
City     State    Zip Code

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: MISSISSIPPI DEPARTMENT OF CORRECTION
Job or Title (if known): PENITENTIARY/PRISON
Shield Number:
Employer: STATE OF MISSISSIPPI
Address: STATE OF MISSISSIPPI, DEPT. OF CORRECTION MEDICAL COMPLIANCE
301 NORTH LAMAR STREET, JACKSON   MISS   39201
City     State   Zip Code
[✓] Individual capacity   [✓] Official capacity

Defendant No. 2
Name:
Job or Title (if known):
Shield Number:
Employer:
Address:
City     State    Zip Code
[ ] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
　Name　_____
　Job or Title *(if known)*　_____
　Shield Number　_____
　Employer　_____
　Address　_____
　　_____ _____ _____
　　City　　　　　　State　　　　　Zip Code
　　☐ Individual capacity　　☐ Official capacity

Defendant No. 4
　Name　_____
　Job or Title *(if known)*　_____
　Shield Number　_____
　Employer　_____
　Address　_____
　　_____ _____ _____
　　City　　　　　　State　　　　　Zip Code
　　☐ Individual capacity　　☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

　A.　Are you bringing suit against *(check all that apply)*:

　　☐ Federal officials (a *Bivens* claim)

　　☒ State or local officials (a § 1983 claim)

　B.　Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

　　Plaintiff avers his Eighth Amendment of United States and Mississippi Constitution And his Fourteenth Amendment of the United States And Mississippi has been violated

　C.　Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

DEFENDANT Miss. Dept of Correction acted and/or is acting "Under Color of the law" when it is currently violating Plaintiff's Eighth Amendment which forbid deliberate indifference, Cruel and Unusual Punishment as well as a failure to-Protect, ("MDOC") has violated each one.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Plaintiff avers that ("MDOC") has decline to grant a stress test on his heart when his cardiologist has diagnose that the arteries in the bottom of his heart are blocked and need immediate stints to open them because it is causing the bottom muscle in Plaintiff heart not to beat placing his life imminent threat of serious physical danger, which is impending.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Plaintiff is enduring excruciating, stabbing chest pain, brief lost of conscious, shortness of breath, dizziness which is worsening daily causing Boyd "Cruel and Unusual Punishment because of ("MDOC") deliberate indifference to his sufficiently serious heart condition when he need stints in the blocked arteries in his heart, causing his life to be in imminent danger and threat of serious physical danger which is impending.

C. What date and approximate time did the events giving rise to your claim(s) occur?

Plaintiff has been enduring ("MDOC's") deliberate indifference concerning his heart condition since January, 2025 up to this present time which has placed his life in imminent danger of serious physical injury harm.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See as an attached Exhibit "C"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff avers that because of ("MDOC") deliberate indifference his left arm and hand has went numb, as well as his right hand, Plaintiff is enduring brief lost of conscious has fail and burst his head twice, and is currently enduring excruciating, stabbing chest pain, shortness of breathe, dizziness, fatigue, lost of conscious which has put his life in imminent danger of serious physical injury harm because ("MDOC") has decline to grant Plaintiff's cardiologist to perform a stress test on his heart so he would put stints in the blocked arteries in his heart.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff request that ("MDOC") grant to request of his cardiologist to do a stress test on his heart so that he can place stints in the arteries that are blocked in the bottom of his heart and repair the leaking values in his heart which has his life currently in imminent danger of serious physical injury/harm which is impending, Plaintiff request compensatory damages, punitive damages, monetary damages, redress monetary damages for past, present and future pain and suffering, bodyharm injuries, that defendant ("MDOC") pay a sum of twenty million dollars ($20,000,000.00), all court cost generated in this lawsuit, and/or any other relief this honorable court deem equitable and consistent with the above complaint.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes     Still Enduring this current complaint, See Attached Exhibit "C" of Imminent Danger of Serious Physical Injury Exception of
☐ No      Stroke, sudden deaf, heart attack which is Impending currently

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

MISSISSIPPI STATE PENITENTIARY "STILL ENDURING COMPLAINT"

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes
☐ No
☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes
☐ No
☐ Do not know

If yes, which claim(s)?

Still Enduring Complaint of Imminent danger of Serious Physical Injury Exception

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes SEE AS ATTACHED EXHIBIT C STILL CURRENTLY ENDURING COMPLAINT UNDER
☐ No IMMINENT DANGER OF SERIOUS PHYSICAL INJURY EXCEPTION

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes SEE AS ATTACHED EXHIBIT C STILL CURRENTLY ENDURING COMPLAINT UNDER
☐ No IMMINENT THREAT OF DANGER OF SERIOUS PHYSICAL INJURY EXCEPTION

E. If you did file a grievance:

1. Where did you file the grievance?

   MISSISSIPPI STATE PENITENTIARY

2. What did you claim in your grievance?

   SEE AS ATTACHED EXHIBIT C STILL CURRENTLY ENDURING COMPLAINT UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY EXCEPTION.

3. What was the result, if any?

   SEE AS ATTACHED EXHIBIT C, STILL CURRENTLY ENDURING COMPLAINT UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY EXCEPTION

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   SEE AS ATTACHED EXHIBIT C STILL CURRENTLY ENDURING COMPLAINT UNDER IMMINENT THREAT OF DANGER OF SERIOUS INJURY EXCEPTION.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

SEE AS Attached Exhibit C ; Still Currently Enduring complaint under Imminent danger of Serious Physical injury Exception.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

SEE AS Attached exhibit C ; Still Currently Enduring complaint under Imminent danger of Serious Physical injury Exception

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

SEE AS AN Attached Exhibit C Still Currently Enduring complaint under Imminent danger of Serious Physical injury Exception

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Filing this case when Plaintiff is Still Currently Enduring Complaint under Imminent danger of Serious Physical Injury Exception. SEE AS AN Attached Exhibit C

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _N/A_
   Defendant(s) _N/A_

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _N/A_

3. Docket or index number
   _N/A_

4. Name of Judge assigned to your case
   _N/A_

5. Approximate date of filing lawsuit
   _N/A_

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition. _N/A_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _N/A_

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes
☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____N/A_____
   Defendant(s) _____N/A_____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____N/A_____

3. Docket or index number

   _____N/A_____

4. Name of Judge assigned to your case

   _____N/A_____

5. Approximate date of filing lawsuit

   _____N/A_____

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition _____N/A_____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____N/A_____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: MARCH 2025

Signature of Plaintiff: [signature]
Printed Name of Plaintiff: BOYD, DEAN
Prison Identification #: 167698
Prison Address: MISS. STATE PENITENTIARY
Parchman, Miss. 38738
City / State / Zip Code

### B. For Attorneys

Date of signing: MARCH 2025

Signature of Attorney: N/A
Printed Name of Attorney: 
Bar Number: 
Name of Law Firm: N/A
Address: 
City / State / Zip Code
Telephone Number: 
E-mail Address:

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEAN C. BOYD                                                                PLAINTIFF

VS.                                           CAUSE NO. _____

MISSISSIPPI DEPARTMENT OF CORRECTION AT
MISSISSIPPI STATE PENITENTIARY                              DEFENDANT

## FACTUAL ALLEGATION

COMES NOW, DEAN C. BOYD, the Plaintiff, Pro-Se, in the above-style and file this his Factual Allegations, in support thereof would show unto this Honorable Court the following, to-wit:

I.

That the Plaintiff is a inmate confine at the Mississippi Department of Correction where he remain continuously.

II.

1). That the Plaintiff avers that he is currently under imminent danger of serious physical injury when on January 20th, 2020 he had a schedule appointment with his Cardiologist John L. Herzog Sr., in Greenville, Mississippi at the Heart and Vascular Center when he was apprised and warned by Dr. Herzog that his heart condition had critically worsen becoming sufficiently serious (critical) where all the arteries in the bottom of his heart are presently blocked causing the bottom heart muscle not to beat nor respond to the heart stress test on his heart, and the condition of his heart had become particularly dangerous putting his life in imminent danger of (death) serious physical injury, and that such danger is impending concerning the blocked arteries in the bottom of his heart, and that his heart condition is deteriorating daily. And that it is a "must" that he have a heart cath to put the stints in the blocked arteries in the bottom of his heart, during this appointment with Dr. Herzog, But, Boyd was having chest pains, shortness of breath, tighting of the chest, dizziness. That he had to be rushed to Delta Regional Medical Center in Greenville, Mississippi Emergency Room, and were immediately admitted therein on the 20th, 21st, 27th, 28th days of January, 2025. Boyd avers upon his release for Delta Regional Medical Center, Dr. Herzog gave ("MDOC") a urgent request on the 28 day of January, 2025, Tuesday, to have Boyd at the Heart and Vascular Center on Monday February 3, 2025, to have a stress test on his heart so that Dr. Herzog could immediatly place stints in the blocked arteries in the bottom of his heart, and Dr. Herzog apprised Boyd as well as warned him that if the stints are not put in the blocked arteries of the bottom of his heart would result in immediate death which is now impending, but (MDOC) at

1.                                              EXHIBIT-C

issippi State Penitentiary (MSP) has decline to honor Dr. Herzog medical request to have Boyd at the Heart and Vascular Center on Monday, February 3, 2025, for an emergency stress test on his heart to place stints in the block arteries in the bottom of his heart, but ("MDOC") when ask by Boyd "why were he not transported to his February 3, 2025, for an emergency stress test on his heart to place stints in the blocked arteries in the bottom of his heart, but ("MDOC") when ask by Boyd, the medical authorities said ("MDOC") would not approve for the emergency stress test on his heart; to place stints in the blocked arteries in the bottom of his heart because he is costing ("MDOC") to much money and that ("MDOC") no longer had an accessible handicap van or bus to transport him to his doctor appointments, leaving Boyd currently under imminent threat of serious physical danger which is impending without the emergency stress test on his heart to place stints in the blocked arteries in the bottom of his heart, when Boyd could/would lose his life because of ("MDOC") deliberate indifference which is causing him "cruel and unusual punishment" as well as a failure-to-protect, which is the duty of ("MDOC"), and this is a violation of Boyd's Eighth Amendment violation which forbid deliberate indifference "cruel and unusual punishment" as well as a failure-to-protect, see, Sulton vs. Wright, 765 F.S. 2d 292 (2003) citing Estelle vs. Gamble, 429 U.S. 97 at 104-05, 97 S.Ct. 285, 50 L.Ed 251 which established inmates' right to health care under the constitution specially specifically referred to prison officials "intentionally denying" access to medical care" as a easier and less efficacious treatment to be consciously chosen by the doctors, a claim is stated William vs. Vincent, 508 F.2d 541, 544 (2d Cir. 1974), Indeed, even if an inmate receive extensive medical care, a claim is stated if, as here, the gravamen of his problem is not address Archer vs. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984) In Williams vs. United State 747 F. Supp. 967, 971-82 (S.D.N.Y. 1990), a diabetic inmate repeatedly sought medical care for an infected foot, by the time doctors treated him, all they could do was amputate his leg below the knee, substantial damages were awarded, Failure to honor doctor's orders stated a claim in this circuit even before the Supreme Court's decision in Estelle Martinez vs. Mancusi, 443 F.2d 921, 924 (2d Cir. 1970) cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed 2d 335 (1971), Concurrent with Estelle, Failure to perform ordered tests or schedule follow-up appointments has been the basis of an action, Todaro vs. Ward, 431 F.Supp. 1129, 1152 (S.D.N.Y. 1977), aff'd 565 F.2d 252, 254 (2d Cir. 1989),

2). Boyd avers he is currently under an imminent threat of serious physical danger of a medical emergencies caused by the denial of ("MDOC") intentionally denying him access to medical care concerning his sufficiently serious heart condition where Boyd need an emergency stress test on his heart to place stints in the blocked arteries in the bottom of

2.

his heart, when Boyd is currently under an imminent threat of serious danger (of sudden death) which is impending without the emergency stress test on his heart to place stints in the blocked arteries in the bottom of his heart, while Boyd is enduring stabbing chest pain, tightning of the chest, fatigue, shortness of breath, brief lost of consciousness when he bends over, or lay backward, dizziness, blurred vision, numbness of both arms and hands which has become "due to the pain" "cruel and unusual punishment" because of ("MDOC") deliberate indifference in not honoring Boyd's cardiologist John L. Herzog Sr. request and/or failure to honor doctor Herzog's request concerning Boyd deteriorating heart condition, see on, Rhodes v.s. Chapman, 452 U.S. 337 (1981) citing Gregg vs. Georgia, supra, 433 U.S. at 593-596, 97 S.Ct. at 2863, our conclusion in Estelle vs. Gamble, supra, that deliberate indifference to an inmate's medical needs is "cruel and unusual punishment" rested on the fact, recognized by the common law and state legislatures, that "[A]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met H29 U.S. At 103, 97 S.Ct. at 2729.), Also see Sealock vs. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000), the pain and suffering imposed by Barrett's failure to get him treatment lasted several hours, the Eighth Amendment forbids "unnecessary and wanton infliction of pain.

3). Lastly, Boyd avers that it is ("MDOC") responsibility to protect the life, health and safety of him while under ("MDOC") custody and cares, when Boyd was turned over into ("MDOC") custody he immediately became their medical responsibility, and to intentionally deny him his doctor's request from his cardiologist Dr. Herzog request that Boyd's appointment to be at Greenville, Mississippi's, Heart and Vascular Center on February 3rd 2025, Mondays for an emergency stress test on his heart so that stints could be placed in the blocked arteries in the bottom of his heart which put Boyd's life currently in imminent threat of serious physical danger which is impending, and Boyd is enduring excruciating, stabbing chest pain etc..., which was not formally a part of his sentence to pay society, (MDOC) took an affirmative duty under the Mississippi Constitution to provide for the safety of Boyd was not to be taken lightly, see, Wilson v.s. Seiter, 501 U.S. 294, 297 U.S.Ct. 2521, 115 L.Ed. 2d 271 (1991) A 410 Prison Inmate Can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, evince a wanton disregard for any serious medical needs" Id at (quotation omitted).

## CONCLUSION

Wherefore, premises considered, Dean C. Boyd, pray this honorable court would enter an order granting his request for the stress test so that the stints can be placed in the blocked arteries in his heart, repair leaking values in his heart, and any other condition concerning the deterioration of his heart that has placed his life in grave danger, imminent danger of serious physical injury, and pay Boyd twenty million dollars ($20,000,000.⁰⁰) for

3.

it's deliberate indifference to Boyd's sufficiently serious heart condition of needing stints to unblock the arteries in his heart when the excruciating, stabbing chest pain, numbness of his left arm, both hands numb, burning, stinging has become 'cruel and unusual punishment as well as a failure-to-protect which has put Boyd's life in imminent threat of serious danger of sudden death) which is impending without the emergency stress test on his heart to place stints in blocked arteries, when ("MDOC") has violated Boyd's Eighth Amendment which forbid deliberate indifference, cruel and unusual punishment as well as a failure-to-protect, And Boyd seek redress for injunctive relief, monetary damages, compensatory damages, punitive damages, for past, present and future damages arising from this constitutional violation,

And/or any other relief this honorable Court deem equitable and consistent with the above factual allegations.

Thanking you in advance for your time, attention and assistance in this matter,

This, the ___ day of March, 2025.

RESPECTFULLY SUBMITTED,
BY: DEAN C. BOYD #167698

## CERTIFICATE OF SERVICE

This is to certify that I, DEAN C. BOYD, do hereby declare that I have mailed a copy of the above foregoing legal document to, as follows:

Clerk, U.S. District Court
For the Southern District
of Mississippi
501 E. Court St. Ste. 2.500
Jackson, Miss. 39201

So Certified, this, the ___ day of March, 2025.

RESPECTFULLY SUBMITTED,
BY: DEAN C. BOYD #167698

4